United States District Court
Southern District of Texas
**ENTERED**
June 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK IVAN RIVERA (Inmate # 27723178), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-21-3206 |
| VANIA LENET PEREZ, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Erik Ivan Rivera (Inmate # 27723178), representing himself, has filed a prisoner's civil rights complaint under 42 U.S.C. § 1983 alleging that Vania Lenet Perez, the mother of his child, is denying him visitation with his child. (Docket Entry No. 1). Because Rivera has been granted leave to proceed without prepayment of the filing fee, the court is required to examine the complaint and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing the pleadings and all matters of record, the court dismisses this case for the reasons explained briefly below.

Section 1983 provides "a federal forum for claims of unconstitutional treatment at the hands of state officials" or those working in concert with them. *Knick v. Twp. of Scott, Pa.*, 139 S. Ct. 2162, 2167 (2019) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state an actionable claim under § 1983, the plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution, or a federal statute, or both. *See Bauer v. Texas*,

341 F.3d 352, 357 (5th Cir. 2003). To act "under color of state law," the defendant must be either an officer of the state or "a willful participant in joint action with the State or its agents." *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). A § 1983 action is not merely a federal substitute for a state-law claim.

Rivera does not allege any facts in his complaint to show that Perez is a state official, that she has acted under color of state law when denying him visitation, or that she is conspiring with state actors to deprive him of his rights under federal law. Rivera's claim against Perez does not state a cause of action under § 1983, and the case is dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. Rivera may pursue the relief he seeks against Perez in the appropriate state court.

The court also notes that Rivera is a frequent filer, having filed no fewer than 12 civil rights complaints and 2 habeas petitions in the last 10 months. Both of the habeas petitions were dismissed based on his failure to exhaust administrative remedies, and 10 of the 12 civil rights cases were dismissed either as frivolous or based on Rivera's failure to comply with court orders. In light of Rivera's extensive history of frivolous and abusive litigation, the court precludes Rivera from filing any new case in this District unless he first obtains written permission from a Judge of this District.

Rivera's complaint (Docket Entry No. 1) is dismissed with prejudice. Any pending motions are denied as moot. A preclusion order will be separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk shall send a copy of this

Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on June 10, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

3